[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action by the plaintiff, Daniel Garcia, against the defendant, Angelo Amaranto, Jr., for money damages, punitive damages, attorney's fees and costs and other equitable relief.
The complaint was brought in six counts which allege: First Count — Abuse of Process; Second Count — Vexations Litigation; Third Count — Intentional Inflection of Emotional Distress; Fourth Count — Negligent Infliction of Emotional Distress; and Sixth Count — Fraudulent Conveyance.
Each of the allegations in the complaint arise from an incident on or about August 5, 1995, when the plaintiff, a police officer for the City of Bridgeport, detained and subsequently arrested the defendant for certain illegal acts which the defendant allegedly committed in the plaintiff's presence. The plaintiff was off-duty, out of uniform and driving his personal automobile at all relevant times herein.
The detention and arrest took place on Boston Avenue in the City of Bridgeport.
The Writ of Summons and Complaint were served on the defendant by abode service on April 17, 1998 and the defendant subsequently appeared through counsel on April 22, 1998.
On September 13, 2001, the plaintiff filed his Second Amended Complaint.
On October 31, 2001, the plaintiff filed a Motion for Default against the defendant for his failure to plead. That motion was granted on December 11, 2001 and was never opened or set aside.
On October 10, 2002, this matter proceeded to trial as a hearing in damages. Both parties appeared and were represented by counsel. CT Page 14710
Pursuant to the provisions of Section 17-32, et seq. of the Practice Book, the defendant did not offer evidence to contradict any allegations in the plaintiff's Complaint, or to prove any matter of defense. The defendant did, through his counsel, cross-examine the plaintiff's witnesses.
The evidence and testimony offered at trial permits the Court to make the following findings:
The plaintiff has been a member of the Bridgeport Police Department for approximately 15 years.
The defendant made allegations that on August 5, 1995 the plaintiff had physically abused, harassed and frightened him and that the plaintiff had physically assaulted him and had violated is civil rights.
The defendant communicated those allegations to the Office of Internal Affairs of the Bridgeport Police Department, which resulted in an investigation of the plaintiff. The allegations were ultimately determined to be false.
The defendant then commenced a civil action against the plaintiff in the Superior Court. Before that matter could be reached for trial, the defendant was arrested and charged with witness tampering and was convicted, sentenced and incarcerated for six months. The defendant withdrew his action against the plaintiff.
On April 2, 1998, the defendant quit claimed all of his right title and interest in and to the real property situated at 1560 Laurel Avenue, Bridgeport, Connecticut, to his sister, Michelle Amaranto. The defendant continues to reside at that residence.
The defendant Amaranto attempted to discharge the claims of the plaintiff by a bankruptcy petition. On September 13, 2000, Alan H. W. Schiff, chief bankruptcy judge for the District of Connecticut, excepted the debt claimed by Garcia against Amaranto from discharge in bankruptcy because he found that the debt was based on an injury to Garcia, which was "willful and malicious".
The plaintiff suffered physical pain and suffering as well as mental and emotional anxiety and humiliation and disgrace as a result of the conduct of the defendant.
As a result of the allegations of the defendant and the resultant investigations, hearings, and performance reviews the plaintiff became CT Page 14711 very anxious, depressed and emotionally distressed about his ability to maintain his employment with the Bridgeport Police Department and about his ability to enjoy future promotions and advancement. In addition, the plaintiff suffered physical and emotional pain and anxiety as a result of the professional and personal notoriety he experienced as the allegations of the defendant were being investigated.
The plaintiff's mental anxiety and physical complaints were further aggravated by intentional comments made to him by the defendant including insinuations that the defendant, if successful in his brutality claims, would put the plaintiff and his family out or their home.
The plaintiff had previously suffered from the effects of Crohn's Disease. The complaints and allegations of the defendant resulted in a severe exacerbation of his Crohn's disease which for many years had been non-symptomatic as reported by his doctor. As a result the plaintiff experienced, nausea, vomiting, anorexia, weight loss, malnutrition and profound fatigue (Plaintiff's Ex.1).
The plaintiff lost his enjoyment in the performance of his professional responsibilities as a police officer and became apprehensive about future unsubstantiated complaints against him.
According to his wife and his close associates, he became withdrawn, quiet, sullen and depressed. He also lost weight, became very stressed and reluctant to socialize, shop or go out into the community.
Having made the above findings the Court enters the following orders:
The plaintiff has sustained each of the allegations in his complaint.
The plaintiff has been caused to sustain non-economic damages, including physical pain and suffering and mental and emotional upset and anxiety, in the amount of $30,000.00.
In addition, the plaintiff is awarded the sum of $15,000.00 punitive damages.
The plaintiff is awarded $12,000.00 in counsel fees.
It is further decreed that the purported conveyance by the defendant of his right, title and interest in and to the real property situated at 1560 Laurel Avenue in Bridgeport, Connecticut by his quit claim deed executed on or about April 2, 1998 to Michelle Amaranto is null and void as a fraudulent conveyance. CT Page 14712
Judgment, as set for forth herein above shall for the plaintiff and against the defendant.
BY THE COURT,
___________________________ JOSEPH W. DOHERTY, JUDGE CT Page 14713